IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARY L. MILES ESTATE,<br><br>   Plaintiff,<br><br><br><br>vs.<br><br><br><br>HELEN S. MCBAIN, and DOES 1-4 inclusive,<br><br>   Defendant. | ORDER DISMISSING THE CASE FOR LACK OF PERSONAL JURISDICTION<br><br><br><br><br><br><br><br>Case No. 2;06-CV-00212 PGC |

On March 17, 2006, the court issued an order to show cause to the plaintiff Mary L. Miles Estate, stating that "per the court's reading, the complaint fails to allege personal jurisdiction over the named defendants by this court, and questions whether suit in the Federal District of Utah would be proper. A detailed [re]view of the complaint never alleges why this court has jurisdiction over the defendants or over the property at issue in this case."

Mary L. Miles Estate replied to the order to show cause through its pro se special administrators Robert E. Miles and Maurice H. Miles. Mssrs Miles and Miles first concede that "most events leading up to this lawsuit occurred in Henderson, Nevada," but also state that "between 1950 and 1953, the Defendant [Helen S. McBain] lived in St. George, Utah and an extramarital relationship commenced with Plaintiff's spouse that resulted in a move of both the

Plaintiff's spouse and the named Defendant to Henderson, NV, where a 46 year long period of cohabitation commenced.  Therefore, the Venue would be proper in either the U.S. District Court of Utah that includes St. George or in the U.S. District Court that includes Henderson, NV."  The obvious problems of such an assertion regarding venue, and the potential issues regarding statute of limitations, will not be addressed by the court, especially as venue issues are waivable by the parties.

It is clear to the court, however, that Mary L. Miles Estate has not sufficiently alleged personal jurisdiction over the defendant Helen S. McBain in this case.  First, the Estate has not alleged that the brokerage account at issue in this matter is located in the District of Utah.  All indications from the Estate are that "the location of the . . . brokerage account at the time of the death of the Plaintiff's spouse was at the address . . . where the account is normally serviced [in] Las Vegas, NV."  Although the Estate indicates it does not currently know where the funds are now located, the Estate does not allege that the funds or the account are currently in the District of Utah.

Second, the Estate concedes that the Federal District of Nevada would have "proper personal jurisdiction as the Defendant resides in Henderson, NV."  The Estate also argues, however, that this court has proper personal jurisdiction on "the basis of 'small but significant activity' of the Defendant in the State of Utah as the initial relationship between the Defendant and the Plaintiff's spouse occurred in St. George while both were teaching school at what is now Dixie State College.  This 'accident'[,] the meeting of the Plaintiff's spouse and the Defendant[,] directly led to their cohabitation, which gave rise to the claim asserted in the complaint."

"Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court

without which the court is powerless to proceed to an adjudication."[1]  Absent the alleged actions by Ms. McBain 46 years ago, in which Ms. McBain and Mary Miles's husband met at then-Dixie State College and moved to Nevada, the Estate has not shown or alleged *any* other action that shows Ms. McBain purposely availed herself to conducting activities within the District of Utah.[2]  This is the *only* contact that the Estate alleges Ms. McBain had with the District of Utah, and it is a tenuous contact at best.  Indeed, the 46-year gap between Ms. McBain's activity in Utah, and the current suit fails, absent any other allegations by the Estate in its complaint, to make a good faith showing of proper personal jurisdiction over Ms. McBain by this court.  It is clear Ms. McBain is still located in Nevada, and that the property in question has not been alleged to be located in Utah.  And the Estate has never alleged Ms. McBain has any other contacts, minimum or otherwise, with the District of Utah.

The court finds that taking all of the allegations in the complaint as true, the Estate has failed to allege proper personal jurisdiction over Ms. McBain in the District of Utah.  In its response to the court's order to show cause, the Estate requests that if the court finds no personal jurisdiction, then the case should be transferred to the Federal District of Nevada.  Since the Estate concedes in its order to show cause that it clearly had proper personal jurisdiction in the District of Nevada in the first instance, the court does not see any valid reason for the Estate's filing this action in the District of Utah.

---

[1] *Ruhrgas Ag. v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotations omitted).

[2] *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Fidelity and Cas. Co. of N.Y. v. Phila. Resins Corp.*, 766 F.2d 440, 445 (10th Cir. 1985).

Given this lack of personal jurisdiction in the District of Utah, the court DISMISSES this case.

SO ORDERED.

DATED this 12th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge